UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KENNETH LEE BROWN                                                           Plaintiff

v.                                                Civil Action No. 3:18-cv-P672-RGJ

JAILER TARA SHREWSBERRY et al.                              Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Lee Brown filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

Plaintiff is a prisoner at the Breckinridge County Detention Center (BCDC). He names as Defendants BCDC Jailer Tara Shrewsberry in her individual and official capacities and the BCDC. Plaintiff first alleges that in September 2018, Defendant Shrewsberry refused to give him a § 1983 packet and that once he asked for one, he was "reprimanded by not being able to participate in any programs this facility offered." He also states that his request for "work detail" was denied even though he qualified for it.

Plaintiff next alleges that on September 12, 2018, he was refused access to the law library. He states that Major Troy Seelve spoke to him and was very upset and told Plaintiff he would no longer do anything to help him. He states further, "Also being reprimanded for requesting a 1983."

Plaintiff alleges that from July 7, 2018, he was watched in the shower "on camera, the camera can see in the shower[.] Inappropriate comment was made."

Plaintiff next states that on October 7, 2018, BCDC was "withholding mail being sent to me all because I requested a § 1983 packet."

Finally, Plaintiff alleges that on September 18, 2018, he was attacked by a county inmate, which was caught on camera. He states that, even though he tried to get away, he was placed in the "hole" for seven days. He states that the attack occurred about a week after he requested the § 1983 packet and that he was punished even though he was attacked.

As relief, Plaintiff asks for monetary damages and injunctive relief in the form of being transferred to another facility.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a

complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claim related to work detail/prison programs

Plaintiff alleges that Defendant Shrewsberry "reprimanded" him after he requested a § 1983 packet by not allowing him to participate in any programs offered at BCDC and also by denying his request for "work detail" even though he qualified for it. The Court interprets this claim to be that Defendant Shrewsberry retaliated against Plaintiff in violation of the First Amendment.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Id*.

The Court will allow this claim to continue against Defendant Shrewsberry in her individual capacity. *See Bradley v. Conarty*, No. 17-2340, 2018 WL 5883929, at *2 (6th Cir. Sept. 13, 2018) ("[T]he loss of a prison job can in some circumstances be deemed an adverse action for purposes of a retaliation claim."); *see also Walton v. Gray*, 695 F. App'x 144, 145-46 (6th Cir. 2017) (per curiam).

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claim against

Defendant Shrewsberry, an employee of BCDC, in her official capacity, is actually brought against the Breckinridge County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Breckinridge County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286

(quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff does not allege that a Breckinridge County custom or policy was the moving force behind the alleged constitutional violation. Thus, the Court will dismiss the official-capacity claim against Defendant Shrewsberry.

### B. Claim related to access to law library

According to the complaint, it appears that Plaintiff alleges that he was not allowed access to the law library on one day as a result of "being reprimanded for requesting a 1983."

First, it is not clear who denied him access to the law library, although it may be Major Seelve, who is not a named Defendant in this action. In any event, merely being denied access to the law library on one occasion is not adverse conduct to state a retaliation claim. *See Meeks v. Schofield*, 625 F. App'x 697, 701-02 (6th Cir. 2015) (affirming district court's determination that searches of prisoner's work station or denial of access to the library on one occasion were *de minimis* conduct that did not constitute adverse action); *see also James v. Jondreau*, No. 2:07-cv-235, 2009 WL 1789076, at *5 (W.D. Mich. June 23, 2009) (finding denial of access to the law library on one occasion was not sufficiently adverse conduct to state a retaliation claim). This claim will be dismissed.

### C. Claim related to video cameras

Plaintiff alleges that cameras can "see in the shower" and that an "[i]nappropriate comment was made."

In *Garrett v. Thaler*, 560 F. App'x 375, 380 (5th Cir. 2014), the Fifth Circuit held that an inmate failed to state a constitutional claim when he alleged that "video recording cameras in the

restrooms, showers, and dressing areas of the prison—as well as female officers' viewing of male inmates both in those areas and on the cameras—violate[d] his expectation of minimal privacy under the Fourth Amendment." In *McNabb v. Long*, No. 3:18-CV-0067, 2018 WL 2318342, at *5-6 (M.D. Tenn. May 22, 2018), the District Court for the Middle District of Tennessee relied on *Garrett's* reasoning to find that a prisoner who complained about the presence of video cameras in the men's restrooms failed to state a claim upon which relief may be granted. *See also Smith v. Long*, No. 3:18-CV-00061, 2018 WL 3831394, at *5 (M.D. Tenn. Aug. 13, 2018) (finding plaintiff failed to state a Fourth Amendment privacy claim based on video surveillance of inmates where plaintiff alleged that guards were able to see in bathroom stalls through cameras but did not allege that he was forced to expose his naked body to female guards). This Court similarly finds that Plaintiff fails to state a claim upon which relief may be granted by alleging simply that cameras can "see in the shower."

Additionally, Plaintiff's allegation that an inappropriate comment was made does not state a claim of a constitutional dimension. "Harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). In fact, even a guard's verbal threat to sexually assault an inmate is "not punishment that violated [the prisoner's] constitutional rights." *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Thus, the Court finds that Plaintiff's allegation that someone made an "inappropriate" comment fails to state a claim upon which relief may be granted.

### D. Claim related to denial of mail on one day

To the extent that Plaintiff alleges a retaliation claim with respect to being denied his mail on October 7, 2018, the claim fails because he has not alleged a sufficiently adverse action to support such a claim. Simply being denied mail on one day is not adverse action to deter a person

6

of ordinary firmness from engaging in protected conduct. *See, e.g.*, *Martinez v. Vondewigelo*, No. 5:13-CV-P132-R, 2014 WL 3419196, at *4 (W.D. Ky. July 14, 2014) (holding plaintiff failed to state a retaliation claim regarding two incidents of interference with his mail) (citing *Nelson v. Heffelbower*, No. 97-2294, 1999 WL 98391, at *1 (6th Cir. Jan. 29, 1999)). This claim will be dismissed.

### *E. Claim related to being placed in the "hole"*

Plaintiff alleges that approximately a week after he asked for a § 1983 form he was attacked by another inmate. He asserts that he tried to get away; that the fight was caught on camera; and that, even though he was the one attacked, Major Seelve punished him by placing him in the "hole" for seven days.

Even if the Court assumes for purposes of this initial review that going to the "hole" for seven days "could deter a person of ordinary firmness from exercising his First Amendment rights," *Dunham-Bey v. Holden*, No. 98-15220, 1999 WL 1023730, at *2 (6th Cir. Nov. 5, 1999) (holding that repeated filing of false disciplinary charges and placement in administrative segregation could deter a person of ordinary firmness from exercising his First Amendment rights), the Court finds that placement in the "hole" after a fight with another inmate a week after he asked for a § 1983 complaint is too tenuous to support the inference that the placement was motivated by his request for a § 1983 complaint form. *Quinn v. Knab*, No. 2:11-CV-268, 2012 WL 2504160, at *6 (S.D. Ohio June 28, 2012), *report and recommendation adopted*, No. 2:11-CV-00268, 2012 WL 3064169 (S.D. Ohio July 27, 2012) ("It is not enough for Plaintiff to allege that he 'feels' like Mr. Free acted with a retaliatory motive."). The Court will dismiss this claim.

# III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claims against Defendant Shrewsberry related to retaliation in denying access to prison programs and employment claims and all claims related to access to the law library, use of video cameras, denial of mail, and being placed in the "hole" are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) for failing to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate the Breckinridge County Detention Center as a party to this action.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claim, *i.e.*, the individual-capacity claim against Defendant Shrewsberry for retaliation related to denial of access to prison programs and employment.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Breckinridge County Attorney
A961.009